Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*James McKeen*, for appellant.   *John L. Hill*, for respondent.

BARNARD, P. J.   The evidence shows no defense to the note which is the basis of this action.   It is given to a Mr. Sterns under the following circumstances: "Mr. Stearns said it was desirable that the stock should be controlled by a few persons; asked me to take fifty thousand shares, to control the stock, and asked me to give him notes for the amount.   He quoted the stock at fifteen and twenty cents a share, and said that by a few parties controlling it it would bring the price up in value. * * * He assured me that he would hold the notes,—keep the notes in his possession till such time as the stock was disposed of; * * * and when the stock was sold I should have it credited to me.   If there was anything over and above this price it should be credited to my account, and these notes would be paid after the sale of the shares of stock, and, if the stock was not sold, the notes were not to be paid." This transaction is a purchase of stock by the defendant under an agreement that the seller would hold the notes until the stock was sold, and then out of the sales the notes were to be paid, and not to be paid if the stock was not sold.   Under this arrangement the note had a valid legal inception, and was delivered thereunder.   Sterns sold the note to Wilde, and Wilde to plaintiff, before it matured.   The case does not rest alone upon the transaction.   Wilde, before he purchased the note, went to the defendant, and was told by him that, "so far as giving the note to Sterns was concerned, I supposed it was all right; but that it was distinctly understood that the note was not to be negotiated."   Wilde purchased on the faith of this statement.   There was no denial of the note itself, or its consideration, or of its delivery.   It was not to be negotiated by the person to whom it was given.   This agreement made no defense to the note if it was violated, and if there was a deeper meaning in it the defendant should have stated it when he was asked about the note in such a way as to indicate a design to purchase it if it was a good note.   The plaintiff was an innocent purchaser of negotiable paper for value, and was entitled to recover.   *Stalker* v. *McDonald*, 6 Hill, 93; *Bank* v. *Neass*, 5 Denio, 329; *Comstock* v. *Hier*, 73 N. Y. 269.   The judgment should therefore be affirmed, with costs.

DYKMAN, J., concurs.   PRATT, J., dissents.

---

### TOPLIFF *v.* FREEMAN.

(*Supreme Court, General Term, Second Department.*   May 18, 1889.)

COSTS—RIGHT TO.

> On denying an application for a new trial by a plaintiff whose complaint had been dismissed, the court directed that the minutes might be corrected on the motion of plaintiff, so that the defendant should not recover costs.   *Held*, that minutes so corrected by the consent of both parties, and a judgment entered thereon, were conclusive upon defendant as to his right to costs.

Appeal from special term.

Action by George R. Topliff against Cuyler Freeman.   From an order denying a motion for the taxation of costs the defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*S. T. Freeman*, for appellant.   *R. B. Moffat*, for respondent.

BARNARD, P. J.   This action was brought upon a note indorsed by the defendant.   The maker was one F. B. Freeman.   Upon the trial the court ordered a judgment for the plaintiff against the maker and dismissed the complaint against the indorser.   The indorser was entitled to costs, as it appeared from the minutes of the clerk.   The plaintiff made a case, and upon it moved

for a new trial against the indorser. This was denied, with $10 costs, but in the order denying the new trial there was inserted a provision that the plaintiff might move to correct the minutes, so that the indorser should recover no costs of the trial. The minutes were therefore corrected by the consent of both attorneys in open court, and a judgment finally entered in favor of plaintiff against the maker, with costs, and in favor of the indorser without costs. The defendant indorser then made a motion to tax the costs of the defense, according to law, and this motion was denied, and this appeal is brought therefrom. Whatever may be the legal right as between the plaintiff and the indorser, Freeman, in respect to costs, it is too late, after the consent, to change the minutes so as to make the decision in favor of the defendant, Cuyler Freeman, without costs, for that was the question between the parties. Judgment was entered upon that disposition of the case, and a motion subsequently made to correct the judgment based upon this consent was improper, and should have been denied. This order should therefore be affirmed, with costs and disbursements. All concur.